MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ISAAC MORALES, *individually and on*
*behalf of others similarly situated,*

|  |  |  |
|---|---|---|
| | *Plaintiff*, | **COMPLAINT** |
| | -against- | **COLLECTIVE ACTION UNDER** |
| | | **29 U.S.C. § 216(b)** |
| TAP HOUSE LLC (D/B/A TAP HAUS 33), | | |
| LEE SIMON, JEFF DOE, and JOEL DOE, | | **ECF Case** |
| | *Defendants.* | |

-------------------------------------------------------X

     Plaintiff Isaac Morales ("Plaintiff Morales" or "Mr. Morales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against TAP HOUSE LLC (d/b/a Tap Haus 33), ("Defendant Corporation"), Lee Simon, Jeff Doe, and Joel Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.    Plaintiff Morales is a former employee of Defendants TAP HOUSE LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and Joel Doe.

2.    Defendants own, operate, or control a Sports Bar, located at 14 E 33rd Street, New York, NY 10016 under the name "Tap Haus 33".

3.      Upon information and belief, individual Defendants Lee Simon, Jeff Doe, and Joel Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bar as a joint or unified enterprise.

4.      Plaintiff Morales was employed as a busboy at the bar located at 14 E 33rd Street, New York, NY 10016.

5.      Plaintiff Morales was ostensibly employed as a busboy. However,  he was  required to spend a considerable part of his work day performing non-tipped duties, including but not limited to organizing the bins, restocking all cleaning materials, cleaning the beer filters, cleaning the bathrooms, sweeping the floors, and mopping the floors (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Morales worked for Defendants without appropriate minimum wage and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff Morales appropriately for any hours worked either at the straight rate of pay.

8.      Further, Defendants failed to pay Plaintiff Morales the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Morales wages on a timely basis.

10.      Defendants employed and accounted for Plaintiff Morales as a busboy in their payroll, but his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.      Regardless, at all relevant times, Defendants paid Plaintiff Morales at the lowered tip-credited rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Morales's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Morales's actual duties in payroll records by designating him as a busboy instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Morales at the minimum wage rate and enabled them to pay him at the tip-credit rate.

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Morales's and other tipped employees' tips and made unlawful deductions from Plaintiff Morales's and other tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiff Morales to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

17.     Plaintiff Morales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid  minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Morales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Morales's state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Sports Bar located in this district. Further, Plaintiff Morales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21.     Plaintiff Isaac Morales ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Queens County, New York.

22.     Plaintiff Morales was employed by Defendants at Tap Haus 33 from approximately September 2019 until on or about January 21, 2020.

23.     Plaintiff Morales consents to be a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a Sports Bar, located at 14 E 33rd Street, New York, NY 10016 under the name "Tap Haus 33".

25.     Upon information and belief, TAP HOUSE LLC (d/b/a Tap Haus 33) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 14 E 33rd Street, New York, NY 10016.

26.     Defendant Lee Simon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lee Simon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Lee Simon possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Jeff Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeff Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jeff Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Joel Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joel Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Joel Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Morales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

### FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.    Defendants operate a Sports Bar located in the Midtown East section of Manhattan in New York City.

30.    Individual Defendants, Lee Simon, Jeff Doe, and Joel Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiff Morales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Morales, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Morales (and all similarly situated employees) and are Plaintiff Morales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Morales and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Lee Simon and Jeff Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Morales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Morales, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Morales's services.

37.     During 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bar on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Morales is a former employee of Defendants who ostensibly was employed as a busboy. However, he spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiff Morales seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Isaac Morales*

41.     Plaintiff Morales was employed by Defendants from approximately September 2019 until on or about January 21, 2020.

42.     Defendants ostensibly employed Plaintiff Morales as a busboy.

43.     However, Plaintiff Morales was also required to spend a significant portion of his workday performing the non-tipped duties described above.

44.     Although Plaintiff Morales ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Morales's work duties required neither discretion nor independent judgment.

47.     From approximately September 2019 until on or about October 2019, Plaintiff Morales worked from approximately 12:00 p.m. until on or about 1:00 a.m., 2 to 3 days a week (typically 26 to 39 hours per week).

48.     From approximately October 2019 until on or about November 2019, Plaintiff Morales worked from approximately 2:30 p.m. until on or about 12:00 a.m. to 1:00 a.m., 3 to 4 days a week (typically 28.5 to 42 hours per week).

49.     From approximately November 2019 until on or about December 31, 2019, Plaintiff Morales worked from approximately 2:30 p.m. until on or about 12:00 a.m., 3 to 4 days a week (typically 28.5 to 38 hours per week).

50.     From approximately January 1, 2020 until on or about January 22, 2020, Plaintiff Morales worked from approximately 4:00 p.m. until on or about 12:00 a.m., Mondays, Tuesdays, and Thursdays and from approximately 11:30 a.m. until on or about 12:00 a.m., on Sundays (typically 36.5 hours per week).

51.     Throughout his employment, Defendants paid Plaintiff Morales his wages by check.

52.     From approximately September 1, 2019 until on or about September 8, 2019, Defendants paid Plaintiff Morales $15.00 per hour.

53.     From approximately September 9, 2019 until on or about January 22, 2019, Defendants paid Plaintiff Morales $10.00 per hour.

54.     Plaintiff Morales was never notified by Defendants that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Morales's wages.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Morales an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales (and all similarly situated employees) to work without paying him appropriate minimum wages and spread of hours pay as required by federal and state laws.

60.     Plaintiff Morales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.     Defendants required Plaintiff Morales and all other busboys to perform general non-tipped tasks in addition to their primary duties as busboys.

62.     Plaintiff Morales and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

63.     Plaintiff Morales's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general bar work with duties, including the non-tipped duties described above.

64.     Plaintiff Morales and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

65.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Morales's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

66.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67.     In violation of federal and state law as codified above, Defendants classified Plaintiff Morales and other tipped workers as tipped employees, and paid them at a rate that was at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

68.     Defendants failed to inform Plaintiff Morales who received tips that Defendants intended to take a deduction against Plaintiff Morales's earned wages for tip income, as required by the NYLL before any deduction may be taken.

69.     Defendants failed to inform Plaintiff Morales who received tips, that his tips were being credited towards the payment of the minimum wage.

70.     Defendants failed to maintain a record of tips earned by Plaintiff Morales who worked as a busboy for the tips he received. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Morales who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving busboys of a portion of the tips earned during the course of employment.

71.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

72.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

73.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Morales (and similarly situated individuals) worked, and to avoid paying Plaintiff Morales properly for his full hours worked.

75.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Morales and other similarly situated former workers.

77.     Defendants failed to provide Plaintiff  Morales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.     Defendants failed to provide Plaintiff Morales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.      Plaintiff Morales brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

80.      At all relevant times, Plaintiff Morales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage under the FLSA.

81.      The claims of Plaintiff Morales stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

82.      Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Morales's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Morales (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

86.     Defendants failed to pay Plaintiff Morales (and the FLSA Class Members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.     Defendants' failure to pay Plaintiff Morales (and the FLSA Class Members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Morales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.     Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants' failure to pay Plaintiff Morales (and the FLSA Class Members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91.     Plaintiff Morales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

92.      Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

93.      Defendants failed to pay Plaintiff Morales one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Morales's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

94.      Defendants' failure to pay Plaintiff Morales an additional hour's pay for each day Plaintiff Morales's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

95.      Plaintiff Morales was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

96.      Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

97.      Defendants failed to provide Plaintiff Morales with a written notice, in English and in English (Plaintiff Morales's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.     Defendants are liable to Plaintiff Morales in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99.      Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

100.     With each payment of wages, Defendants failed to provide Plaintiff Morales with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101.     Defendants are liable to Plaintiff Morales in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

102.      Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

103.     At all relevant times, Defendants were Plaintiff Morales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

104.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

105.     Defendants unlawfully misappropriated a portion of Plaintiff Morales's tips that were received from customers.

106.     Defendants knowingly and intentionally retained a portion of Plaintiff Morales's tips in violations of the NYLL and supporting Department of Labor Regulations.

107.     Plaintiff Morales was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

108.     Plaintiff Morales repeats and realleges all paragraphs above as though set forth fully herein.

109.     Defendants did not pay Plaintiff Morales on a regular weekly basis, in violation of NYLL §191.

110.     Defendants are liable to Plaintiff Morales in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Morales respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Morales and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Morales's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Morales and the FLSA Class members;

(e)     Awarding Plaintiff Morales and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Morales and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Morales;

(h)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Morales;

(i)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Morales's compensation, hours, wages and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Morales;

(k)    Awarding Plaintiff Morales damages for the amount of unpaid minimum wage and spread of hours, and for any improper deductions or credits taken against wages as applicable

(l)    Awarding Plaintiff Morales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiff Morales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and spread of hours shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiff Morales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiff Morales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Morales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 12, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 17, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Isaac Morales

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     17 de enero 2020

*Certified as a minority-owned business in the State of New York*