# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

gnaydenskiy@faillacelaw.com

November 12, 2020

**BY ECF**
Hon. Lorna G. Schofield
United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re:    <u>Morales et al v. Tap House LLC et al</u>
Case No. 20-cv-04511-LGS

Dear Judge Schofield:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement") after attending a mediation. A copy of the revised Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). Defendants denied and continue to deny the allegations as asserted in the Complaint.

## SETTLEMENT TERMS

*Certified as a minority-owned business in the State of New York*

Page 2

Plaintiff alleges he would be entitled to back wages of approximately 2,925.00 as his best case scenario. In order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the matter for the sum of $7,500.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Therefore, due to natural litigation risk, Plaintiff believes the settlement is reasonable.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $2,366.66 which is less than one third of the $7,500 settlement.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,900 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

  i. Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

  ii. Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[1]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

---

[1] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 4

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC MORALES, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE,<br><br>Defendants. | **20-cv-04511-LGS**<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Isaac Morales ("Plaintiff Morales") on the one hand, Tap House LLC (d/b/a Tap Haus 33) ("Defendant Corporation") and Lee Simon ("Individual Defendant") (collectively, "Defendants," and with Plaintiff Morales, "Parties"), on the other hand.

WHEREAS, Plaintiff Morales alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Morales's alleged employment and the terms thereof, which dispute has resulted in the filing of an action on an individual basis (with respect to which no other individual joined or contemplated joining either as a party, representative, collective member, or class member) in the United States District Court for the Southern District of New York (the "Court"), Civil Action No: 20-cv-04511-LGS (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the whereas clauses above, and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.	Payment: Defendants shall pay or cause to be paid to Plaintiff Morales and his counsel, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Morales may have against Defendants through the Effective Date (as defined below) of this Agreement, including all counsel fees and                                                       Seven Thousand Five Hundred Dollars and No Cents (**$7,500.00**) (the "Settlement Amount"), within sixty (60) days of full, final, and complete approval of

this Agreement by the Court (such approval date referred to herein as the "Effective Date"), provided Plaintiff Morales and his counsel have first provided a fully-executed Agreement to counsel for Defendants as well as all fully-completed tax forms necessary to make the payments to Plaintiff and his counsel as outlined below.  If this Agreement and settlement is not approved by the Court in accordance with this Agreement Defendants  shall be returned to their respective positions immediately prior to this Agreement shall be void *ab initio*.

| ISAAC MORALES | $2,566.67 (minus withholdings) by IRS Form W2 and $2,566.67 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, P.C. -representing attorneys' fees and costs | $2,366.66 by IRS Form 1099 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

Concurrently with the execution of this Agreement, Defendants Tap House LLC and Lee Simon shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel within thirty days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Alexander W. Leonard, Esq., Golenbock Eiseman Assor Bell & Peskoe, 711 Third Avenue, New York, NY 10017. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    Release; Covenant Not To Sue; No Further Disputes:  Plaintiff Morales hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their direct and indirect, past, present, and future, heirs, successors, assigns, affiliates, parent organizations, subsidiaries, related entities, joint employers, directors, owners, shareholders, members, agents, attorneys, insurers, legal representatives and managers (collectively, with Defendants, the "Releasees"), any and all  charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, pay, liquidated damages, interest, penalties, costs and or expenses, arising under or in connection with (i) the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or any other federal, state, or local wage or hours law, each as amended and including but not limited to any and all implementing regulations and rules (including but not limited to the New York Hospitality Industry Wage Order), (ii) breach of contract, torts related to property and compensation, and/or any equitable remedies, (iii) unpaid, owed, assessed, and/or otherwise recoverable compensation, commissions, incentive payments or bonuses, gratuities, service charges, charges purporting to be gratuities, payouts, sick leave or vacation pay, paid time off, severance pay, expense reimbursements and/or tools-of-the-trade, notice, pay in lieu of notice, tip credit notice penalties, wage notice penalties, wage statement penalties, liquidated damages, and/or other compensation,

(iv) the Litigation, and/or (v) any other wage or hour related liabilities, including but not limited to pre- and/or post-judgment interest and/or legal or expert fees, whether suspected or unsuspected, known or unknown, whether fixed or contingent (hereinafter referred to collectively as "claim" or "claims") which Plaintiff Morales at any time has, had, claims, or claimed to have against Defendants that occurred, accrued, arose, became due or otherwise relates to any time on or prior to the Effective Date of this Agreement. Plaintiff Morales also warrants and represents that as of the Effective Date, other than the Litigation, which Plaintiff Morales agrees to dismiss with prejudice under this Agreement, there is no action, complaint, charge, demand, arbitration, or demand, filed, threatened, or asserted, or contemplated to be filed, threatened, or asserted by or on behalf of Plaintiff Morales in or with any court, forum, venue, arbitrator, government agent, and/or any U.S. or foreign state, federal, or local agency or tribunal, including but not limited to the United States Equal Employment Opportunity Commission, the United States Department of Labor, the National Labor Relations Board, the New York City Commission on Human Rights, the New York State Division of Human Rights, the New York State Workers' Compensation Board, and/or the New York City Department of Consumer Affairs. Defendants release Plaintiff of any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, pay, liquidated damages, interest, penalties, costs and or expenses, arising under or in connection with (i) the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or any other federal, state, or local wage or hours law, each as amended

3.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Plaintiff Morales shall not in any respect be considered a prevailing party in the Litigation or by virtue of this Agreement.

4.    Modification of the Agreement; Waiver: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff Morales and Defendants or their representative(s). No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties.

5.    Acknowledgments:    Plaintiff Morales and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. All prior statements, representations, promises, and agreements on the subject matter hereof are explicitly superseded by this Agreement. Plaintiff Morales and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement. Plaintiff Morales further affirms that as of the Effective Date Plaintiff Morales has been granted by Defendants any leave to which Plaintiff Morales was entitled under the Family and Medical Leave Act or related state or local leave or disability or other accommodation laws. Plaintiff Morales further affirms that as of the Effective Date, Plaintiff Morales has no known workplace injuries or occupational diseases and has not filed a claim for workers' compensation benefits.

6.    Notices:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Morales:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Alexander W. Leonard
**Golenbock Eiseman Assor Bell & Peskoe LLP**
711 Third Avenue
New York, NY 10017
Tel: (212) 907-7378
Fax: (212) 754-0330
Email: aleonard@golenbock.com

7.      Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The Parties consent and stipulate to the personal jurisdiction, venue, and forum of the United States District Court for the Southern District of New York and/ the Supreme Court of the State of New York located in New York County, in any subsequent proceeding to enforce this Agreement.

8.      Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that Section 2 is explicitly material to and not severable from this Agreement and upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Morales agres to promptly execute a release, waiver and/or covenant that is legal and enforceable to remedy such deficiency.

9.      Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiff Morales acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  **Plaintiff Morales confirms that he is signing this Agreement knowingly and voluntarily.**

10.     Successors and Assigns; Third Party Beneficiaries.  This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs and others taking from them, provided, however, Plaintiff Morales may not delegate or avoid any of Plaintiff

Morales' liabilities, obligations, or responsibilities under this Agreement. The Parties hereto acknowledge and agree that each of the existing and future Releasees are intended third-party beneficiaries of this Agreement and the sole intended third party beneficiaries of this Agreement.

11.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement, or caused their duly authorized representative to execute this Agreement, on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by wet ink, electronic signature, .pdf, and/or facsimile transmission, any form of which shall be original..

PLAINTIFF:

By: _____          Date: _____
        ISAAC MORALES


DEFENDANTS:

By: _____          Date:  11 | 10 | 20
        TAP HOUSE LLC

By: _____          Date:  11 | 10 | 20
        LEE SIMON


# EXHIBIT A

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ISAAC MORALES, *individually and on*
*behalf of others similarly situated,*

         Plaintiff,

       -against-

TAP HOUSE LLC (D/B/A TAP HAUS
33), LEE SIMON, JEFF DOE, and JOEL
DOE,

         *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **20-cv-04511-LGS**

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK    )
                 : ss.:
COUNTY OF         )

1.     My address is ___14 E 33RD ST NY NY 10016___.

2.     I, Lee Simon, am the President Tap House LLC (d/b/a Tap Haus 33). I am duly authorized to make this affidavit of confession of judgment on behalf of Tap House LLC (d/b/a Tap Haus 33).

3.     Tap House LLC (d/b/a Tap Haus 33), maintains its principal place of business in New York County at 14 E 33rd Street, New York, NY 10016.

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Isaac Morales (each a "Plaintiff" and collectively, "Plaintiffs") and Tap House LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and, Joel Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Tap House LLC (d/b/a Tap Haus 33) in favor of Plaintiffs for the sum of Eleven Thousand Two Hundred Fifty Dollars and No Cents ($11,250.00), less any payments made under the Settlement Agreement.

5.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00 plus liquidated damages of $3,750.

6.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Tap House LLC (d/b/a Tap Haus 33).

Tap House LLC

By: _____

Lee Simon

Title: President

STATE OF ___NewYork___ )
                                    : ss.:

On ___November 10___, 2020, before me personally came ___Simon Lee___, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of Tap House LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Tap House LLC and was authorized to do so.

_____
Notary Public

NATALIE MUNOZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6333628
Qualified in Kings County
My Commission Expires 11-30-2023

3581474.2

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ISAAC MORALES, *individually and on behalf of others similarly situated,*

      Plaintiff,

      -against-

TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **20-cv-04511-LGS**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF            )

1.    My address is _145 3380 ST NY NY 10016_.

2.    Pursuant to the terms of the Settlement Agreement and Release by and between Isaac Morales (each a "Plaintiff" and collectively, "Plaintiffs") Tap House LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and, Joel Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Morales for the sum of Eleven Thousand Two Hundred Fifty Dollars and No Cents ($11,250.00), less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Morales under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiff Morales. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00 plus liquidated damages of $3,750.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Lee Simon.

                                  _____
                                      Lee Simon

Sworn to before me this
10 day of November 2020

_____
Notary Public

NATALIE MUNOZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6333628
Qualified in Kings County
My Commission Expires 11-30-2023

3581474.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC MORALES, *individually and on behalf of others similarly situated*, <br><br> Plaintiff, <br><br> -against- <br><br> TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE, <br><br> Defendants. | **20-cv-04511-LGS** <br><br> **SETTLEMENT AGREEMENT** <br> **AND** <br> **RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Isaac Morales ("Plaintiff Morales") on the one hand, Tap House LLC (d/b/a Tap Haus 33) ("Defendant Corporation") and Lee Simon ("Individual Defendant") (collectively, "Defendants," and with Plaintiff Morales, "Parties"), on the other hand.

WHEREAS, Plaintiff Morales alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Morales's alleged employment and the terms thereof, which dispute has resulted in the filing of an action on an individual basis (with respect to which no other individual joined or contemplated joining either as a party, representative, collective member, or class member) in the United States District Court for the Southern District of New York (the "Court"), Civil Action No: 20-cv-04511-LGS (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the whereas clauses above, and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.     <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Morales and his counsel, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Morales may have against Defendants through the Effective Date (as defined below) of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Seven Thousand Five Hundred Dollars and No Cents (**$7,500.00**) (the "Settlement Amount"), within sixty (60) days of full, final, and complete approval of

3581474.2

this Agreement by the Court (such approval date referred to herein as the "Effective Date"), provided Plaintiff Morales and his counsel have first provided a fully-executed Agreement to counsel for Defendants as well as all fully-completed tax forms necessary to make the payments to Plaintiff and his counsel as outlined below. If this Agreement and settlement is not approved by the Court in accordance with this Agreement Defendants shall be returned to their respective positions immediately prior to this Agreement shall be void *ab initio*.

| ISAAC MORALES | $2,566.67 (minus withholdings) by IRS Form W2 and $2,566.67 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, P.C. -representing attorneys' fees and costs | $2,366.66 by IRS Form 1099 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

Concurrently with the execution of this Agreement, Defendants Tap House LLC and Lee Simon shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel within thirty days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Alexander W. Leonard, Esq., Golenbock Eiseman Assor Bell & Peskoe, 711 Third Avenue, New York, NY 10017. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    Release; Covenant Not To Sue; No Further Disputes:  Plaintiff Morales hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their direct and indirect, past, present, and future, heirs, successors, assigns, affiliates, parent organizations, subsidiaries, related entities, joint employers, directors, owners, shareholders, members, agents, attorneys, insurers, legal representatives and managers (collectively, with Defendants, the "Releasees"), any and all  charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, pay, liquidated damages, interest, penalties, costs and or expenses, arising under or in connection with (i) the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or any other federal, state, or local wage or hours law, each as amended and including but not limited to any and all implementing regulations and rules (including but not limited to the New York Hospitality Industry Wage Order), (ii) breach of contract, torts related to property and compensation, and/or any equitable remedies, (iii) unpaid, owed, assessed, and/or otherwise recoverable compensation, commissions, incentive payments or bonuses, gratuities, service charges, charges purporting to be gratuities, payouts, sick leave or vacation pay, paid time off, severance pay, expense reimbursements and/or tools-of-the-trade, notice, pay in lieu of notice, tip credit notice penalties, wage notice penalties, wage statement penalties, liquidated damages, and/or other compensation,

(iv) the Litigation, and/or (v) any other wage or hour related liabilities, including but not limited to pre- and/or post-judgment interest and/or legal or expert fees, whether suspected or unsuspected, known or unknown, whether fixed or contingent (hereinafter referred to collectively as "claim" or "claims") which Plaintiff Morales at any time has, had, claims, or claimed to have against Defendants that occurred, accrued, arose, became due or otherwise relates to any time on or prior to the Effective Date of this Agreement.  Plaintiff Morales also warrants and represents that as of the Effective Date, other than the Litigation, which Plaintiff Morales agrees to dismiss with prejudice under this Agreement, there is no action, complaint, charge, demand, arbitration, or demand, filed, threatened, or asserted, or contemplated to be filed, threatened, or asserted by or on behalf of Plaintiff Morales in or with any court, forum, venue, arbitrator, government agent, and/or any U.S. or foreign state, federal, or local agency or tribunal, including but not limited to the United States Equal Employment Opportunity Commission, the United States Department of Labor, the National Labor Relations Board, the New York City Commission on Human Rights, the New York State Division of Human Rights, the New York State Workers' Compensation Board, and/or the New York City Department of Consumer Affairs.   Defendants release Plaintiff of any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, pay, liquidated damages, interest, penalties, costs and or expenses, arising under or in connection with (i) the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or any other federal, state, or local wage or hours law, each as amended

     3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.  Plaintiff Morales shall not in any respect be considered a prevailing party in the Litigation or by virtue of this Agreement.

     4.    <u>Modification of the Agreement; Waiver</u>:  This Agreement may not be changed unless the changes are in writing and signed by Plaintiff Morales and Defendants or their representative(s). No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties.

     5.    <u>Acknowledgments:</u>  Plaintiff Morales and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. All prior statements, representations, promises, and agreements on the subject matter hereof are explicitly superseded by this Agreement. Plaintiff Morales and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement. Plaintiff Morales further affirms that as of the Effective Date Plaintiff Morales has been granted by Defendants any leave to which Plaintiff Morales was entitled under the Family and Medical Leave Act or related state or local leave or disability or other accommodation laws.  Plaintiff Morales further affirms that as of the Effective Date, Plaintiff Morales has no known workplace injuries or occupational diseases and has not filed a claim for workers' compensation benefits.

     6.    <u>Notices:</u>    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

     To Plaintiff Morales:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Alexander W. Leonard
Golenbock Eiseman Assor Bell & Peskoe LLP
711 Third Avenue
New York, NY 10017
Tel: (212) 907-7378
Fax: (212) 754-0330
Email: aleonard@golenbock.com

      7.     Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The Parties consent and stipulate to the personal jurisdiction, venue, and forum of the United States District Court for the Southern District of New York and/ the Supreme Court of the State of New York located in New York County, in any subsequent proceeding to enforce this Agreement.

      8.     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that Section 2 is explicitly material to and not severable from this Agreement and upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Morales agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable to remedy such deficiency.

      9.     Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiff Morales acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  **Plaintiff Morales confirms that he is signing this Agreement knowingly and voluntarily.**

      10.    Successors and Assigns; Third Party Beneficiaries.  This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs and others taking from them, provided, however, Plaintiff Morales may not delegate or avoid any of Plaintiff

3581474.2

Morales' liabilities, obligations, or responsibilities under this Agreement. The Parties hereto acknowledge and agree that each of the existing and future Releasees are intended third-party beneficiaries of this Agreement and the sole intended third party beneficiaries of this Agreement.

11.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement, or caused their duly authorized representative to execute this Agreement, on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by wet ink, electronic signature, .pdf, and/or facsimile transmission, any form of which shall be original..

PLAINTIFF:

By: __Isaac Morales_____    Date: __Nov 5, 2020_____
    ISAAC MORALES

DEFENDANTS:

By: _____    Date: _____
    TAP HOUSE LLC

By: _____    Date: _____
    LEE SIMON

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| ISAAC MORALES, *individually and on behalf of others similarly situated,* | : |
|  | : |
| Plaintiff, | :  Index No.: **20-cv-04511-LGS** |
|  | : |
| -against- | :  **AFFIDAVIT OF CONFESSION OF** |
|  | :  **JUDGMENT** |
| TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE, | : |
|  | : |
|  | : |
| *Defendants.* | : |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )

                         : ss.:

COUNTY OF             )

1.     My address is _____.

2.     I, Lee Simon, am the President Tap House LLC (d/b/a Tap Haus 33). I am duly authorized to make this affidavit of confession of judgment on behalf of Tap House LLC (d/b/a Tap Haus 33).

3.     Tap House LLC (d/b/a Tap Haus 33), maintains its principal place of business in New York County at 14 E 33rd Street, New York, NY 10016.

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Isaac Morales (each a "Plaintiff" and collectively, "Plaintiffs") and Tap House LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and, Joel Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Tap House LLC (d/b/a Tap Haus 33) in favor of Plaintiffs for the sum of Eleven Thousand Two Hundred Fifty Dollars and No Cents ($11,250.00), less any payments made under the Settlement Agreement.

5.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00 plus liquidated damages of $3,750.

6.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

3581474.2

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Tap House LLC (d/b/a Tap Haus 33).

Tap House LLC

By: _____
    Lee Simon
                        Title: President

STATE OF _____ )
                         : ss.:

On _____, 2020, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of Tap House LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Tap House LLC and was authorized to do so.

_____
     Notary Public

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

ISAAC MORALES, *individually and on*      :
*behalf of others similarly situated,*      :

                                 :  Index No.: **20-cv-04511-LGS**

            Plaintiff,      :

                                 :

          -against-      :  <u>**AFFIDAVIT OF CONFESSION OF**</u>
                                 :  <u>**JUDGMENT**</u>

TAP HOUSE LLC (D/B/A TAP HAUS      :
33), LEE SIMON, JEFF DOE, and JOEL      :
DOE,      :

                         :

          Defendants.      :

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )
                     : ss.:

COUNTY OF          )

    1.    My address is _____.

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between Isaac Morales (each a "Plaintiff" and collectively, "Plaintiffs") Tap House LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and, Joel Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Morales for the sum of Eleven Thousand Two Hundred Fifty Dollars and No Cents ($11,250.00), less any payments made under the Settlement Agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Morales under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiff Morales. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00 plus liquidated damages of $3,750.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Lee Simon.

                                           _____

                                            Lee Simon

3581474.2

Sworn to before me this
_____ day of _____ 2020


_____
Notary Public

**Signature:** _Isaac Morales (Nov 5, 2020 16:45 EST)_

**Email:** coleman.touro@gmail.com

# EXHIBIT B

Privileged Settlement Communication                                                    Subject to  Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Isaac Morales** | 9/1/2019 | 9/8/2019 | 1 | 32.5 | 3 | $15 | $ 22.50 | $ 15.00 | $ 22.50 | $ 487.50 | $ 487.50 | $ - | $ - |
| | 9/9/2019 | 10/1/2019 | 3 | 32.5 | 2 | $ 10.00 | $ 15.00 | $ 15.00 | $ 22.50 | $ 487.50 | $ 325.00 | $ 162.50 | $ 487.50 |
| | 10/2/2019 | 11/1/2019 | 4 | 32.5 | 2 | $ 10.00 | $ 15.00 | $ 15.00 | $ 22.50 | $ 487.50 | $ 325.00 | $ 162.50 | $ 650.00 |
| | 11/2/2019 | 12/31/2019 | 8 | 32.5 | | $ 10.00 | $ 15.00 | $ 15.00 | $ 22.50 | $ 487.50 | $ 325.00 | $ 162.50 | $ 1,300.00 |
| | 1/1/2020 | 1/22/2020 | 3 | 32.5 | 1 | $ 10.00 | $ 15.00 | $ 15.00 | $ 22.50 | $ 487.50 | $ 325.00 | $ 162.50 | $ 487.50 |
| | | | | | | | | | | | | $ | 2,925.00 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period | |
|---|---|---|
| | From | To |
| **Isaac Morales** | 9/1/2019 | 9/8/2019 |
| | 9/9/2019 | 10/1/2019 |
| | 10/2/2019 | 11/1/2019 |
| | 11/2/2019 | 12/31/2019 |
| | 1/1/2020 | 1/22/2020 |

2 of 3

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period | | Tools of the trade | Total Per Period |
|---|---|---|---|---|
| | From | To | | |
| **Isaac Morales** | 9/1/2019 | 9/8/2019 | | $    10,092.09 |
| | 9/9/2019 | 10/1/2019 | | $     1,179.57 |
| | 10/2/2019 | 11/1/2019 | | $     1,567.63 |
| | 11/2/2019 | 12/31/2019 | | $     2,632.07 |
| | 1/1/2020 | 1/22/2020 | | $     1,072.75 |
| | | | | $    16,544.12 |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200                     Fax:(212) 317-1620

Isaac Morales                                                                                November 12, 2020

|          |           |
|----------|-----------|
| File #:  | TapHaus33 |
| Inv #:   | 1222      |

**Attention:**

**RE:**      Morales et al v. Tap House LLC et al;20-cv-04511

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Feb-07-20 | reviewed facts of case with IG and resolved the issues of fact and law | 0.10 | 45.00 | MF |
| Feb-10-20 | confirmed with IG that she is drafting | 0.10 | 45.00 | MF |
| Feb-21-20 | requestedthat IG draft thedemand letter | 0.10 | 45.00 | MF |
| Feb-23-20 | reviewed complaint and determined it is missing a number of basic matters;  sent complaint back to staff with instructions as to what they need to add in order for me to be able to review it | 0.70 | 315.00 | MF |
| Feb-28-20 | requested that IG finish drafting the complaint | 0.10 | 45.00 | MF |
| Mar-09-20 | discussed with IG the problemssje she is having with the complaint | 0.10 | 45.00 | MF |
| Mar-10-20 | reviewed complaint and made corrections | 0.90 | 405.00 | MF |
|  | reviewed and corrected demand letter | 0.70 | 315.00 | MF |
| Mar-16-20 | confirmed that IG sent demand letter for service | 0.10 | 45.00 | MF |
| May-10-20 | researched the status of the demand letter and the response we have received and sent email to staff demanding that they resolve the | 0.20 | 90.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | demand letter with the addressees or file the complaint since it is already overdue |  |  |  |
| May-15-20 | reviewed Bt's email reporting thefact that business is closed; advised Bt on the steps to take to properly serve the individual defendants in the case | 0.20 | 90.00 | MF |
| Jun-06-20 | reviewed status of case and determined oc has not settled;  sent email to GN and BT directing them to file the complaint | 0.20 | 90.00 | MF |
| Jun-18-20 | review case file | 0.30 | 105.00 | GN |
|  | telephone call w/ opposing counsel | 0.20 | 70.00 | GN |
| Jun-19-20 | telephone call w/ cl re: settlement | 0.10 | 35.00 | GN |
| Jun-30-20 | email opposing counsel | 0.10 | 0.00 | GN |
| Jul-02-20 | review case file, telephone call w/ opposing counsel re: sett | 0.20 | 70.00 | GN |
|  | telephone call w/ opposing counsel re: sett | 0.10 | 35.00 | GN |
| Jul-06-20 | email w/ opposing counsel re: sett | 0.10 | 35.00 | GN |
|  | telephone call w/ opposing counsel re: sett, review cl document preparation | 0.20 | 70.00 | GN |
| Jul-13-20 | downloaded the issued summons in the case file. Calendared order. Emailed GN | 0.40 | 50.00 | PL |
| Jul-15-20 | Discussed case with GN | 0.10 | 12.50 | PL |
| Jul-20-20 | discussed with GN the case | 0.10 | 45.00 | MF |
|  | discuss status with mf | 0.10 | 35.00 | GN |
| Jul-31-20 | telephone call w/ cl re: sett | 0.10 | 0.00 | GN |
|  | telephone call w/ pl re: bill costs | 0.10 | 0.00 | GN |
|  | call and email opposing counsel | 0.10 | 35.00 | GN |
|  | updated the bill, search emails re: costs | 0.30 | 37.50 | PL |

| | | | | |
|---|---|---|---|---|
| Aug-02-20 | email w/ opposing counsel re: scheduling call | 0.10 | 35.00 | GN |
| Aug-03-20 | review docket and judges order | 0.10 | 35.00 | GN |
| Aug-04-20 | telephone call w/ opposing counsel re: sett | 0.10 | 12.50 | GN |
| Aug-06-20 | email opposing counsel re: initial conference | 0.00 | 0.00 | GN |
| | email w/ opposing counsel re: adjournment | 0.00 | 0.00 | GN |
| | draft ltr to adjourn, email opposing counsel | 0.10 | 35.00 | GN |
| | file request for extesion | 0.20 | 25.00 | GN |
| | set up GN with Letter, searched mag judge individual rules | 0.30 | 37.50 | PL |
| Aug-07-20 | review ecf bounce | 0.10 | 0.00 | GN |
| | calander new date for confernce and initial conference packet due date | 0.10 | 12.50 | GN |
| Aug-10-20 | reviewed calendar for IC order | 0.10 | 12.50 | PL |
| Aug-18-20 | email opposing counsel f/u re: sett | 0.10 | 0.00 | GN |
| Aug-19-20 | review opposing counsel email | 0.10 | 35.00 | GN |
| | call cl | 0.10 | 35.00 | GN |
| | telephone call and text w/ cl re: settlement | 0.30 | 105.00 | GN |
| Aug-20-20 | | 0.10 | 0.00 | MF |
| | review docket, email co-wrkers, email opposing counsel re: sett | 0.30 | 105.00 | GN |
| | draft scheduling order, and ltr | 0.60 | 210.00 | GN |
| | draft initial confernce  materials | 0.30 | 105.00 | GN |
| | continue draft initial confernce  materials and email opposing counsel | 0.10 | 35.00 | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | email w/ opposing counsel re: their status in the case | 0.10 | 35.00 | GN |
| Aug-21-20 | review ecf order | 0.10 | 35.00 | GN |
| Aug-22-20 | Reviewed Court order directing parties to file status letter, directed staff | 0.30 | 135.00 | MF |
| Aug-24-20 | reviewed court notice of plaintiffs' motion for adjourning conference;  SENT EMAIL TOGN requesting explanation for the  adjournment; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | eviewed court order adjourning conference and setting up a date for filing fairness package; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | text messages with cl, emails with opposing counsel, and telephone call with cl re: settlement | 0.40 | 140.00 | GN |
|  | draft, review, and file ltr adjourn | 0.20 | 70.00 | GN |
|  | telephone call w/ pl re: to do | 0.10 | 35.00 | GN |
| Aug-26-20 | calendared Judges Order: re settlement deadline | 0.20 | 25.00 | MF |
|  | reviewed status and docket | 0.20 | 25.00 | PL |
| Sep-01-20 | reviewed status | 0.10 | 12.50 | PL |
| Sep-02-20 | telephone call w/ pl draft settlement agreement | 0.10 | 35.00 | GN |
|  | discussed case with GN re: agreement | 0.10 | 12.50 | PL |
| Sep-03-20 | started drafting settlement agreement | 0.40 | 50.00 | PL |
|  | finished drafted settlement agreement with COJ. Sent it to GN for review. | 1.00 | 125.00 | PL |
|  | re email def atty info | 0.10 | 12.50 | PL |
| Sep-09-20 | email w/ opposing counsel re: agreement | 0.10 | 35.00 | GN |
| Sep-10-20 | reminded GN that I drafted the settlement agreement | 0.10 | 12.50 | PL |

| Sep-22-20 | edit draft agreement, email to opposing counsel | 0.30 | 105.00 | GN |
|-----------|--------------------------------------------------|------|--------|-----|
| Sep-23-20 | reviewed plaintiffs' request for extension to file fairness letter ; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | draft and file ltr seeking extension of time | 0.20 | 70.00 | GN |
| Sep-24-20 | Reviewed court order granting plaintiffs' request for extension to file fairness letter ; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| Oct-08-20 | Reviewed court order setting date by which parties have to submit the settlement agreement and fairness letter; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed plaintiffs' motion seeking extension of the date by which parties have to submit the settlement agreement and fairness letter; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | edit ltr for extension of time | 0.30 | 105.00 | GN |
| | review opposing counsel changes, accept, save, and file (pl rate) | 0.20 | 25.00 | GN |
| Oct-09-20 | reviewed court order granting joint request for extension of time for filing settlement agreement and fairness letter ; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review ecf bounce | 0.10 | 35.00 | GN |
| Oct-19-20 | review opposing counsel changes, email opposing counsel in regards | 1.00 | 350.00 | GN |
| | email w/ opposing counsel re: settlement agreement | 0.10 | 35.00 | GN |
| Oct-20-20 | edit settlement agreement | 0.30 | 105.00 | GN |
| | continue review and edit sett agreement | 0.40 | 140.00 | GN |

| | | | | |
|---|---|---|---|---|
| Oct-21-20 | respond to opposing counsel email re: confession amount | 0.10 | 35.00 | GN |
| Oct-22-20 | Reviewed request for extension of time for filing settlement agreement and fairness letter ;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | email w/ opposing counsel re: confessions | 0.10 | 35.00 | GN |
| | edit and file etnesion ltr | 0.20 | 0.00 | GN |
| Oct-26-20 | text with cl and pl re: sett | 0.10 | 35.00 | GN |
| | edit sett agreement confessions of judgment and email final version to opposing counsel | 0.10 | 35.00 | GN |
| Oct-28-20 | telephone call w/ cl explaining agreement and revise agreement and email opposing counsel | 0.30 | 105.00 | GN |
| Oct-30-20 | reviewed court order requiring parties to file fairness submission;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Nov-02-20 | discuss w/ pl re: sett agreement to cl | 0.10 | 35.00 | GN |
| Nov-03-20 | telephone call w/ pl re: agreement to cl, text cl | 0.10 | 35.00 | GN |
| Nov-06-20 | edit fairness motion | 1.40 | 490.00 | GN |
| Nov-09-20 | email order to opposing counsel | 0.10 | 35.00 | GN |
| | review opposing counsel email in reply | 0.10 | 35.00 | GN |
| | Totals | 21.20 | $6,900.00 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| Jun-12-20 | Filing Fee | 400.00 |
| | Totals | $400.00 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$7,300.00** |

**Balance Now Due**                                                    $7,300.00