# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

November 20, 2020

**BY ECF**
Hon. Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007-1312

      Re:    <u>Morales et al v. Tap House LLC et al</u>
               Case No. 20-cv-04511-LGS

Your Honor:

      We represent Plaintiff in the above title matter. In accordance with Your Honors Order, The plaintiff's signed agreement is attached herein.

      We thank The Court for its attention to this matter.

                            Respectfully Submitted,

                            */s/Gennadiy Naydenskiy, Esq.*
                            Gennadiy Naydenskiy, Esq.
                            MICHAEL FAILLACE & ASSOCIATES, P.C.
                            *Attorneys for Plaintiff*

Morales' liabilities, obligations, or responsibilities under this Agreement. The Parties hereto acknowledge and agree that each of the existing and future Releasees are intended third-party beneficiaries of this Agreement and the sole intended third party beneficiaries of this Agreement.

11. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement, or caused their duly authorized representative to execute this Agreement, on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by wet ink, electronic signature, .pdf, and/or facsimile transmission, any form of which shall be original..

**PLAINTIFF:**

By: _Isaac M_____   Date: Nov 20, 2020
    ISAAC MORALES


**DEFENDANTS:**

By: _____   Date: _____
    TAP HOUSE LLC


By: _____   Date: _____
    LEE SIMON


# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC MORALES, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE,<br><br>Defendants. | 20-cv-04511-LGS<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Isaac Morales ("Plaintiff Morales") on the one hand, Tap House LLC (d/b/a Tap Haus 33) ("Defendant Corporation") and Lee Simon ("Individual Defendant") (collectively, "Defendants," and with Plaintiff Morales, "Parties"), on the other hand.

WHEREAS, Plaintiff Morales alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Morales's alleged employment and the terms thereof, which dispute has resulted in the filing of an action on an individual basis (with respect to which no other individual joined or contemplated joining either as a party, representative, collective member, or class member) in the United States District Court for the Southern District of New York (the "Court"), Civil Action No: 20-cv-04511-LGS (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the whereas clauses above, and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Morales and his counsel, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Morales may have against Defendants through the Effective Date (as defined below) of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Seven Thousand Five Hundred Dollars and No Cents ($**7,500.00**) (the "Settlement Amount"), within sixty (60) days of full, final, and complete approval of

3581474.2

this Agreement by the Court (such approval date referred to herein as the "Effective Date"), provided Plaintiff Morales and his counsel have first provided a fully-executed Agreement to counsel for Defendants as well as all fully-completed tax forms necessary to make the payments to Plaintiff and his counsel as outlined below. If this Agreement and settlement is not approved by the Court in accordance with this Agreement Defendants shall be returned to their respective positions immediately prior to this Agreement shall be void *ab initio*.

| ISAAC MORALES | $2,566.67 (minus withholdings) by IRS Form W2 and $2,566.67 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, P.C. -representing attorneys' fees and costs | $2,366.66 by IRS Form 1099 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

Concurrently with the execution of this Agreement, Defendants Tap House LLC and Lee Simon shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel within thirty days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Alexander W. Leonard, Esq., Golenbock Eiseman Assor Bell & Peskoe, 711 Third Avenue, New York, NY 10017. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release; Covenant Not To Sue; No Further Disputes</u>: Plaintiff Morales hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their direct and indirect, past, present, and future, heirs, successors, assigns, affiliates, parent organizations, subsidiaries, related entities, joint employers, directors, owners, shareholders, members, agents, attorneys, insurers, legal representatives and managers (collectively, with Defendants, the "Releasees"), any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, pay, liquidated damages, interest, penalties, costs and or expenses, arising under or in connection with (i) the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or any other federal, state, or local wage or hours law, each as amended and including but not limited to any and all implementing regulations and rules (including but not limited to the New York Hospitality Industry Wage Order), (ii) breach of contract, torts related to property and compensation, and/or any equitable remedies, (iii) unpaid, owed, assessed, and/or otherwise recoverable compensation, commissions, incentive payments or bonuses, gratuities, service charges, charges purporting to be gratuities, payouts, sick leave or vacation pay, paid time off, severance pay, expense reimbursements and/or tools-of-the-trade, notice, pay in lieu of notice, tip credit notice penalties, wage notice penalties, wage statement penalties, liquidated damages, and/or other compensation,

(iv) the Litigation, and/or (v) any other wage or hour related liabilities, including but not limited to pre- and/or post-judgment interest and/or legal or expert fees, whether suspected or unsuspected, known or unknown, whether fixed or contingent (hereinafter referred to collectively as "claim" or "claims") which Plaintiff Morales at any time has, had, claims, or claimed to have against Defendants that occurred, accrued, arose, became due or otherwise relates to any time on or prior to the Effective Date of this Agreement. Plaintiff Morales also warrants and represents that as of the Effective Date, other than the Litigation, which Plaintiff Morales agrees to dismiss with prejudice under this Agreement, there is no action, complaint, charge, demand, arbitration, or demand, filed, threatened, or asserted, or contemplated to be filed, threatened, or asserted by or on behalf of Plaintiff Morales in or with any court, forum, venue, arbitrator, government agent, and/or any U.S. or foreign state, federal, or local agency or tribunal, including but not limited to the United States Equal Employment Opportunity Commission, the United States Department of Labor, the National Labor Relations Board, the New York City Commission on Human Rights, the New York State Division of Human Rights, the New York State Workers' Compensation Board, and/or the New York City Department of Consumer Affairs. Defendants release Plaintiff of any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, pay, liquidated damages, interest, penalties, costs and or expenses, arising under or in connection with (i) the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or any other federal, state, or local wage or hours law, each as amended

       3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Plaintiff Morales shall not in any respect be considered a prevailing party in the Litigation or by virtue of this Agreement.

       4.    <u>Modification of the Agreement; Waiver</u>: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff Morales and Defendants or their representative(s). No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties.

       5.    <u>Acknowledgments:</u>   Plaintiff Morales and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. All prior statements, representations, promises, and agreements on the subject matter hereof are explicitly superseded by this Agreement. Plaintiff Morales and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement. Plaintiff Morales further affirms that as of the Effective Date Plaintiff Morales has been granted by Defendants any leave to which Plaintiff Morales was entitled under the Family and Medical Leave Act or related state or local leave or disability or other accommodation laws. Plaintiff Morales further affirms that as of the Effective Date, Plaintiff Morales has no known workplace injuries or occupational diseases and has not filed a claim for workers' compensation benefits.

       6.    <u>Notices:</u>     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

       To Plaintiff Morales:

3581474.2

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Alexander W. Leonard
**Golenbock Eiseman Assor Bell & Peskoe LLP**
711 Third Avenue
New York, NY 10017
Tel: (212) 907-7378
Fax: (212) 754-0330
Email: aleonard@golenbock.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction, venue, and forum of the United States District Court for the Southern District of New York and/ the Supreme Court of the State of New York located in New York County, in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that Section 2 is explicitly material to and not severable from this Agreement and upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Morales agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable to remedy such deficiency.

9. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiff Morales acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. **<u>Plaintiff Morales confirms that he is signing this Agreement knowingly and voluntarily.</u>**

10. <u>Successors and Assigns; Third Party Beneficiaries</u>. This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs and others taking from them, provided, however, Plaintiff Morales may not delegate or avoid any of Plaintiff

3581474.2

Morales' liabilities, obligations, or responsibilities under this Agreement. The Parties hereto acknowledge and agree that each of the existing and future Releasees are intended third-party beneficiaries of this Agreement and the sole intended third party beneficiaries of this Agreement.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement, or caused their duly authorized representative to execute this Agreement, on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by wet ink, electronic signature, .pdf, and/or facsimile transmission, any form of which shall be original..

PLAINTIFF:

By: __Isaac Morales__          Date: __Nov 5, 2020__
ISAAC MORALES


DEFENDANTS:

By: _____     Date: _____
TAP HOUSE LLC


By: _____     Date: _____
LEE SIMON


# EXHIBIT A

3581474.2

SUPREME COURT OF THE STATE OF NEW YORK
---------------------------------x
ISAAC MORALES, *individually and on behalf of others similarly situated*,

           Plaintiff,

-against-

TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE,

           *Defendants.*
---------------------------------x

Index No.: **20-cv-04511-LGS**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                               : ss.:
COUNTY OF             )

1. My address is _____.

2. I, Lee Simon, am the President Tap House LLC (d/b/a Tap Haus 33). I am duly authorized to make this affidavit of confession of judgment on behalf of Tap House LLC (d/b/a Tap Haus 33).

3. Tap House LLC (d/b/a Tap Haus 33), maintains its principal place of business in New York County at 14 E 33rd Street, New York, NY 10016.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Isaac Morales (each a "Plaintiff" and collectively, "Plaintiffs") and Tap House LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and, Joel Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Tap House LLC (d/b/a Tap Haus 33) in favor of Plaintiffs for the sum of Eleven Thousand Two Hundred Fifty Dollars and No Cents ($11,250.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00 plus liquidated damages of $3,750.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

3581474.2

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Tap House LLC (d/b/a Tap Haus 33).

Tap House LLC

By: _____
Lee Simon
Title: President

STATE OF _____ )
                        : ss.:

On _____, 2020, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of Tap House LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Tap House LLC and was authorized to do so.

_____
Notary Public

3581474.2

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------x
ISAAC MORALES, *individually and on behalf of others similarly situated,*

        Plaintiff,

-against-

TAP HOUSE LLC (D/B/A TAP HAUS 33), LEE SIMON, JEFF DOE, and JOEL DOE,

        Defendants.
------------------------------------x

Index No.: **20-cv-04511-LGS**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                         : ss.:
COUNTY OF              )

    1.    My address is _____.

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between Isaac Morales (each a "Plaintiff" and collectively, "Plaintiffs") Tap House LLC (d/b/a Tap Haus 33), Lee Simon, Jeff Doe, and, Joel Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Morales for the sum of Eleven Thousand Two Hundred Fifty Dollars and No Cents ($11,250.00), less any payments made under the Settlement Agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Morales under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiff Morales. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00 plus liquidated damages of $3,750.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Lee Simon.

                                                                                              _____
                                                                                                Lee Simon

3581474.2

Sworn to before me this
\_\_\_\_ day of _____ 2020

_____
Notary Public

**Signature:** *Isaac Morales*
Isaac Morales (Nov 5, 2020 16:45 EST)

**Email:** coleman.touro@gmail.com

3581474.2